1  NINA F. LOCKER, State Bar No. 123838
   JONI OSTLER, State Bar No. 230009
2  STEPHEN B. STRAIN, State Bar No. 291572
   DREW LIMING, State Bar No. 305156
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
6  Email: nlocker@wsgr.com
          jostler@wsgr.com
7         sstrain@wsgr.com
          dliming@wsgr.com
8

9  Attorneys for Defendant
   Holly A. Van Deursen

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  ANDRE ROSOWSKY, Derivatively and on Behalf of CAPSTONE TURBINE CORP., | CASE NO.: 8:17-CV-00698 |
| 14 | (Orange County Superior Court Case No. 30-2016-00894859-CU-MC-CJC) |
| 15       Plaintiff, | |
| 16    vs. | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER § 1441(B) (DIVERSITY)** |
| 17  DARREN R. JAMISON, NOAM LOTAN, GARY J. MAYO, GARY D. SIMON, ELIOT G. PROTSCH, HOLLY A. VAN DEURSEN, DARRELL J. WILK, RICHARD K. ATKINSON, JOHN V. JAGGERS, JAYME L. BROOKS, and EDWARD I. REICH, | |
| 21       Defendants. | |
| 22    and | |
| 23  CAPSTONE TURBINE CORP., | |
| 24       Nominal Defendant. | |

NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant Holly A. Van Deursen, by and through her undersigned counsel, hereby removes to this Court the state court action described below:

1. On December 27, 2016, Plaintiff Andre Rosowksy ("Plaintiff") filed a Shareholder Derivative Complaint for Breach of Fiduciary Duty and Unjust Enrichment in the Superior Court of California for Orange County (the "Superior Court"), captioned *Rosowsky v. Jamison, et al.*, Case No. 30-2016-00894859-CU-MC-CJC. A copy of the state court complaint (the "Complaint") is attached as Exhibit ("Ex.") A. The Complaint is a shareholder derivative action purportedly brought on behalf of Capstone Turbine Corporation ("Capstone" or "the Company"), and seeks monetary damages from the individual defendants on behalf of Capstone, among other relief.

2. As of the date of removal, none of the defendants have been served with the Complaint, a summons, or any other process, pleadings, or orders in the state court action.

3. Pursuant to 28 U.S.C. § 1446(a), all "process, pleadings, and orders" served upon defendants shall be attached to the notice of removal. Because no defendants have been served, no process, pleadings, or papers need be attached.

**DIVERSITY JURISDICTION**

4. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Ms. Van Deursen pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Plaintiff's Complaint does not specify the dollar amount of damages sought. This fact does not deprive this Court of jurisdiction. If it is apparent from

the facts alleged in the complaint, which are assumed to be true for purposes of this analysis, that the estimated amount in controversy exceeds the jurisdictional requirement, the Court may take jurisdiction. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Here, the Complaint alleges that the defendants are responsible for harm caused to Capstone as a result of Capstone's business dealings with a Russian distributor, certain false and misleading statements made by Capstone, and the failure to implement adequate internal controls in connection with Capstone's financial reporting. Ex. A ¶¶ 7, 9, 10. The Complaint alleges numerous drops in Capstone's stock as a result of the individual defendants' purported breaches of their fiduciary duties. *See id.* ¶¶ 13 (alleging a 15% drop in Capstone stock price on August 8, 2014), 16 (alleging a 16% drop in stock price), 18 ("[Capstone's] stock closed at $4.00 per share and continued to decline rapidly."). The Complaint also alleges that the individual defendants have exposed Capstone to liability under federal securities laws, that the Company has been "substantially damaged," and that as a direct result of the individual defendants' conduct, "Capstone will lose and expend many millions of dollars." *Id.* ¶¶ 20-21, 110. In addition, the Complaint alleges that the individual defendants were over-compensated by the Company. *Id.* ¶ 113. The Complaint alleges that the individual defendants are responsible for all these alleged harms, and seeks an order requiring the individual defendants to pay these damages to Capstone. *Id.*, Prayer for Relief. These allegations reflect that the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Complete diversity of citizenship exists. The Complaint does not identify Plaintiff's citizenship. Defendant is informed and believes that Plaintiff is a citizen of Massachusetts. *See* Declaration of Joni Ostler filed concurrently herewith ("Ostler Decl.") ¶ 2. No defendant is a citizen of Massachusetts. *Id.* ¶ 3.

Removal under diversity of citizenship is proper because no defendant who has been "properly joined *and served*" is a citizen of California. 28 U.S.C. § 1446(b) (emphasis added); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012) (holding that Court had diversity removal jurisdiction notwithstanding the presence of an unserved California citizen defendant); *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1-2 (N.D. Cal. Feb. 9, 2010) (same).

## **TIMELINESS OF REMOVAL**

7. Removal is timely pursuant to 28 U.S.C. § 1446(b). No defendant has been served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that 30-day deadline to remove does not begin until defendant is served by "formal process"); *Regal Stone*, 881 F. Supp. 2d at 1128 (holding that defendant may properly remove before being served, and rejecting plaintiff's argument that such removal was premature). Further, because there are no defendants who have been "properly . . . served in the action," there are no defendants whose consent or concurrence in this removal is necessary. *See Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (holding removal notice effective although not all defendants joined, because non-joining defendants had not been served (alteration in original) (citation omitted)).

## **VENUE**

8. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court is located within the Southern Division of this District. Accordingly, venue in this Court is proper under 28 U.S.C. § 1441(a).

**SERVICE AND FILING OF NOTICES**

9. Pursuant to 28 U.S.C. § 1446(d), Ms. Van Deursen will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Superior Court.

10. Accordingly, Ms. Van Deursen prays that this action be removed from the Superior Court to this Court.

Dated: April 14, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/  Nina F. Locker
        Nina F. Locker

Attorneys for Defendant Holly A. Van Deursen